[Crim. No. 110.  First Appellate District.—January 31, 1908.]

## THE PEOPLE, Respondent, v. J. B. COWLEY, Appellant.

CRIMINAL LAW—LARCENY—CROSS-EXAMINATION OF DEFENDANT—MISCONDUCT OF DISTRICT ATTORNEY NOT SHOWN.—Where upon a trial for grand larceny, the defendant had testified in chief that he was a railroad employee of considerable experience, and named the places where he had served, and the district attorney, on cross-examination, without objection, asked him a line of questions as to his employment at one of such places, which developed that the Union Pacific had there stopped his pay for cause, and when asked for what cause replied, without objection, "Well, the cause what all conductors have getting their pay stopped," whereupon the district attorney discontinued that line of cross-examination, remarking that, "for fear of error, he would not press the matter any further," the court did not err in refusing to strike out the portion of the cross-examination given; and no misconduct of the district attorney clearly appears from the reason assigned for such discontinuance which requires reversal.

ID.—WHAT CONSTITUTES MISCONDUCT OF DISTRICT ATTORNEY.—It is only where it appears that a district attorney has willfully persisted in asking improper questions with the evident purpose of injuring the defendant, or where he has made a statement of a fact or matter that he would not have been allowed to prove, for the purpose of indirectly getting before the jury such fact or matter, that courts will reverse on the ground of improper conduct of the district attorney.

ID.—PROPER REFUSAL OF ARGUMENTATIVE INSTRUCTION.—The court properly refused an instruction requested by the defendant, which is more in the nature of an argument than an instruction on the law pertaining to the facts of the case.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.  George E. Church, Judge.

The facts are stated in the opinion of the court.

Crichton & St. John, and L. L. Cory, for Appellant.

U. S. Webb, Attorney General, for Respondent.

COOPER, P. J.—Defendant was charged in the information with the crime of grand larceny, and upon his trial the jury returned a verdict of guilty of petty larceny. He was thereupon sentenced to pay a fine of $500, and in default of such payment to be imprisoned at the rate of one day for each $2 of said fine. From the judgment and order denying his motion for a new trial he prosecutes this appeal. The sufficiency of the evidence to support the verdict is not questioned, nor is any error assigned as to the rulings upon the admissibility or exclusion of evidence during the trial.

It is claimed that the defendant was prejudiced by improper conduct of the district attorney during the trial. The record shows that the defendant was a witness in his own behalf, and testified to the effect that he was a railroad employee of considerable experience, and had been employed in different capacities by different railroad corporations; that he had been in the railroad business in Michigan, Idaho, Pocatello, Salt Lake City and Arizona. He was then asked by the district attorney in cross-examination the following questions:

"Q. How long did you stay at Pocatello? A. Oh, I was there probably—

"Q. Why did you leave? A. Stopped my pay.

"Q. Who stopped your pay? A. Union Pacific.

"Q. For what purpose? A. For cause.

"Q. For what cause? A. Well, the cause what all conductors have getting their pay stopped."

No objection or exception was taken to any of the above questions. The district attorney then stated that for fear of making an error he would not press the matter any further. Defendant's attorney then said: "We ask it to be stricken out then as incompetent, and the remarks of the district attorney are now assigned as error, and the purpose and the only purpose of the question was to prejudice this witness in the minds of the jury. We now assign it as error." It does not appear that the court made any ruling in regard to the matter. The motion to strike out evidently referred to the

questions and answers herein quoted, and as no objection was made to the questions when they were asked, and the district attorney of his own volition abandoned the line of cross-examination which he was pursuing, we think the court, if it in effect denied the motion by not passing upon it, did not abuse its discretion in so doing. The district attorney had no right to make any insinuations as to improper matters that he could prove if he were not afraid of committing error, and it does not clearly appear that he intended to do so. He voluntarily stopped the line of cross-examination he was pursuing, and gave his reason for doing so. If the reason given contained any insinuation as to improper matters, the defendant's attorney should have asked the court in direct language to strike out the objectionable words. The objection here is not to the questions asked by the district attorney in cross-examination, but to the remark he made as to why he did not desire to further continue such cross-examination. It is only where it appears that a district attorney has willfully persisted in asking improper questions with the evident purpose of injuring the defendant, or where he has made a statement of a fact or matter that he would not have been allowed to prove, for the purpose of indirectly getting before the jury such fact or matter, that courts will reverse on the ground of improper conduct of the district attorney. (*People* v. *Yee Foo*, 4 Cal. App. 730, [89 Pac. 450]; *People* v. *Bradbury*, 151 Cal. 675, [91 Pac. 497].)

The court did not err in refusing defendant's instruction numbered "third." It is more in the nature of an argument than an instruction on the law pertaining to the facts of the case.

The judgment and order are affirmed.

Hall, J., and Kerrigan, J., concurred.